IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EUGENE JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-207-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On November 2, 2018, Eugene Jones ("Petitioner") filed a *Petition for a Writ of Habeas Corpus* challenging a disciplinary conviction he received while incarcerated in the Texas Department of Criminal Justice ("TDCJ") Willacy County state jail. (ECF 3 at 5). The disciplinary proceeding resulted in Petitioner losing ten days of good-time credits. Since Petitioner's sentence has since been discharged, the undersigned United States Magistrate Judge recommends Petitioner's application be DISMISSED as moot.

On September 1, 2017, the 144th District Court in Bexar County, Texas imposed a five-year sentence on Petitioner. (ECF 3 at 2). On August 11, 2021, inquiry to the Records Division of TDCJ revealed that the TDCJ released Petitioner on parole on March 4, 2020 and entirely discharged his sentence on April 12, 2021. Petitioner has not communicated with the Court in any manner since filing his petition and has failed to advise the Court of any change of address.

Under Texas law, which controlled Petitioner's sentence, "[g]ood conduct time applies only to eligibility for parole or mandatory supervision . . . and does not otherwise affect an inmate's term." TEX. GOV'T CODE § 498.003(a); *Ex parte Hallmak*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994).

Moreover, even the revocation of parole does "not result in the restoration of [an inmate's] good-time credits." *Gray v. Dretke*, 135 F. App'x 711, 712 (5th Cir. 2005). In this case, Petitioner has fully served and discharged his sentence. As a result, the relief sought in Petitioner's habeas application— *i.e.*, the reinstatement of the lost good time—cannot be granted. Since this Court cannot grant the relief Petitioner seeks in his habeas application, the petition is moot under the continuing case and controversy requirement and subject to immediate dismissal. *Id.* (holding that the loss of good-time credits due to a disciplinary hearing does not constitute an injury that survives release of an inmate on parole or discharge of his sentence).

## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner Eugene Jones be DISMISSED as moot.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 11, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the**

**fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).